**Affirmed and Opinion filed July 27, 2017.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-16-00451-CR

---

### GEORGE RANDALL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1501967**

---

## O P I N I O N

Appellant pleaded guilty to engaging in organized criminal activity predicated on multiple robberies. *See* Tex. Penal Code § 71.02(a)(1). The trial court assessed punishment and sentenced him to twenty-five years' confinement. In a single issue, appellant contends that under the Eighth Amendment to the United States Constitution, his sentence is grossly disproportionate to the sentences of his co-defendants and his involvement in the offense. We affirm.

# I.    BACKGROUND

At the sentencing hearing, the trial court admitted without objection the pre-sentence investigation (PSI) report and the State's memorandum on punishment. According to the documents, appellant was an "upper mid-level" member of a combination. *See* Tex. Penal Code § 71.01(a) (defining "combination" for purposes of the offense as "three or more persons who collaborate in carrying on criminal activities"). By the time of sentencing, the State had charged twenty-one members of the combination with criminal offenses.

The combination is a violent and highly organized group of aggravated robbers known as "All Bout Money, ABM, and 300 Audrey Lane." The combination focuses on armed robberies of cell phone stores to obtain new high-end cell phones, and the combination also participates in burglaries and thefts.

The State connected appellant to three aggravated robberies at Radio Shack, Verizon, and Sprint stores. During the Radio Shack robbery, appellant and two others entered the store with a gun. During the Verizon and Sprint robberies, appellant served as a getaway driver. While fleeing the Sprint robbery, appellant led the police on a high-speed chase through residential neighborhoods. After two of the tires on the getaway car blew out and one came off, appellant fled on foot until he was apprehended by a K-9 unit.

The PSI report indicated that appellant had received deferred adjudication in a prior offense of possession of marijuana in a drug free zone, and another charge of possession of a controlled substance was dismissed. The State adduced evidence of appellant's school records, showing many disciplinary actions; several incidents involved violence against other students. The court also admitted surveillance videos of the Verizon and Sprint robberies, showing the gunmen interacting with employees

and customers. A Sprint store employee testified about the impact on the employees and the business from the various robberies at the stores.

Appellant adduced supportive testimony from his mother and grandfather. The trial court admitted letters of support from about two dozen people.

After the trial court denied appellant's request for probation and sentenced him to twenty-five years' confinement, appellant filed a motion for new trial. In one of the grounds, appellant alleged that his sentence was "grossly disproportionate to the crime committed and to that of his co-defendants." After a hearing, the trial court overruled the ground concerning a grossly disproportionate sentence and the other ground presented in the motion.

## II.   ANALYSIS

Appellant contends that his sentence should be vacated because it is "grossly disproportionate to that of his co-defendants and to his involvement in the case."[1]

The Eighth Amendment of the United States Constitution's ban on cruel and unusual punishment requires that punishment be graduated and proportioned to the offense. *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016). But this narrow principle does not require strict proportionality between the crime and sentence. *Id.* "Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* (quoting *Ewing v. California*, 538 U.S. 11, 23 (2003) (plurality op.)).

To determine whether a sentence for a term of years is grossly disproportionate, a court must judge the severity of the sentence in light of (1) the

---

[1] The State contends that appellant has not preserved error, although his motion stated that his sentence was grossly disproportionate and the trial court explicitly overruled that ground at the hearing on the motion.  We assume without deciding that appellant preserved error.

harm caused or threatened to the victims, (2) the culpability of the offender, and (3) the offender's prior adjudicated and unadjudicated offenses. *Id.* at 323. Only in the rare case in which this threshold comparison leads to an inference of gross disproportionality will a court then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Id.*

A sentence will be found grossly disproportionate "only in the exceedingly rare or extreme case." *Id.* at 322–23. Ordinarily, "a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal." *Ex parte Chavez,* 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006), *cited in Simpson*, 488 S.W.3d at 323.

We review the trial court's determination for an abuse of discretion. *See Simpson*, 488 S.W.3d at 322 (reviewing for an abuse of discretion when the trial court granted a new punishment hearing based on a claim of grossly disproportionate sentence); *see also Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984) ("In our review of a trial judge's determination of the appropriate punishment in any given case a great deal of discretion is allowed the sentencing judge."). We will reverse a trial court's decision on a motion for new trial only when the decision is so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Simpson*, 488 S.W.3d at 322.

The trial court's decision in this case lies well within its discretion. The severity of the sentence was relatively low, as appellant received a twenty-five-year sentence when the range of punishment was fifteen years to life. *See* Tex. Penal Code Ann. § 71.02(b)(3). Regarding his criminal history, appellant had been charged twice before with drug offenses; he received deferred adjudication for one, and the other was dismissed. Furthermore, when the trial court pronounced the sentence, the court

4

referred to appellant's school disciplinary records. The court said that over the past ten years the court had "not seen a school disciplinary report as offensive." The court believed that the records showed appellant's "shocking" lack of respect for authority figures, and the court noted that appellant had gotten into fights and thrown one student down a flight of stairs.

Appellant's culpability for the charged crime was high, given that he participated in multiple robberies directly—he entered the Radio Shack store and served as a getaway driver for the other robberies. During the final robbery, appellant evaded police officers by driving exceptionally fast through residential neighborhoods. And, serious harm was threatened to the victims. The surveillance videos of the Verizon and Sprint robberies show the robbers chasing customers or employees, forcing their way through a door, and threatening the victims with guns. A Sprint store employee testified that because of various robberies, some employees had quit, and others would not work after dark or would panic when cars drove slowly by the store.

Balancing these factors, we conclude that there is no inference of disproportionality that would justify comparing appellant's sentence to those imposed on his co-defendants or other offenders. *Cf. Simpson*, 488 S.W.3d at 323–24 (upholding twenty-five-year sentence for robbery; reasoning that because the defendant's sentence fell within the statutory range of five years to life, there was "no reason to compare his sentence to sentences imposed on others—including the probated sentence of the main actor in this case"). Even if the sentence could be considered "too harsh," appellant did not present evidence that it was unconstitutional. *See id.* at 324.

The trial court did not abuse its discretion by denying the motion for new trial. Appellant's sole issue is overruled.

## III. CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.


/s/    Ken Wise
Justice


Panel consists of Chief Justice Frost and Justices Donovan and Wise.
Publish — Tex. R. App. P. 47.2(b).