**Opinion filed January 10, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00030-CR

_____

### DEQUANN DEONTAE FORGE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. D-44,150**

## MEMORANDUM OPINION

Dequann Deontae Forge, Appellant, pleaded guilty to the first-degree felony offense of aggravated robbery. The trial court deferred adjudication and placed Appellant on community supervision for ten years and assessed a fine of $2,000. Subsequently, the State filed a motion to adjudicate Appellant's guilt. After the trial court considered the motion, it found that Appellant violated the terms and

conditions of his community supervision, and it revoked Appellant's community supervision, adjudicated his guilt, and assessed his punishment at confinement for forty years and a fine of $2,000. We affirm.

In his sole issue on appeal, Appellant contends that his sentence violates his right to "fundamental fairness" as guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States because of the disparity between the length of Appellant's sentence and the length of his codefendants' sentences. Appellant urges us to reverse the judgment of the trial court and to remand this cause for a new trial.

Initially, the grand jury indicted Appellant for the offense of aggravated robbery with a deadly weapon. Appellant pleaded guilty to the offense. The trial court deferred adjudication and placed Appellant on community supervision for ten years and assessed a fine of $2,000.

When Appellant entered his guilty plea, he confirmed that he had reviewed the terms and conditions of his community supervision. Appellant also confirmed that he understood that, should he violate any term or condition of his community supervision, the State could move to adjudicate his guilt and that the possible range of punishment that the trial court could impose was for any term of years of not less than five, or more than ninety-nine, or life.

Six months after Appellant was placed on community supervision, the State moved to adjudicate his guilt. The State cited nine violations of the terms and conditions of Appellant's community supervision, including, among others, Appellant's failure to report to his supervision officer and multiple failures to abstain from the use of drugs.

The trial court held a hearing on the State's motion to adjudicate guilt. At the hearing, Appellant pleaded "true" to all nine alleged violations of the terms and conditions of his community supervision. Flor Carta, Appellant's community supervision officer, testified that Appellant had failed to meet numerous terms and conditions of his community supervision despite her best efforts to help him. Carta also presented evidence regarding the violence of the underlying offense—Appellant and his codefendants had forced their way into the victim's home, held the victim at gunpoint, and ransacked the victim's car and home. After it had heard all the evidence presented, the trial court adjudicated Appellant's guilt, sentenced him to confinement for forty years, and assessed a fine in the amount of $2,000.

After the trial court sentenced him, Appellant filed a motion for new trial. At the hearing on the motion, Appellant presented evidence that his two codefendants, Eric Keith Johnson and Tyvon Deshun Thurman, had received sentences of twelve and ten years respectively, pursuant to plea bargains, even though both Johnson and Thurman had previous felony records. Appellant argued that, in light of Johnson's and Thurman's criminal histories, the disparity between Appellant's sentence and his codefendants' sentences was unconstitutional given Appellant's lack of previous criminal convictions. However, the State presented evidence that Appellant had previously been placed on deferred adjudication for possession of marihuana and resisting arrest. The trial court denied Appellant's motion for new trial. This appeal followed.

On appeal, Appellant, in a single issue, contends that principles of fundamental fairness require that his sentence of confinement for forty years be vacated and that his sentence should be ten to twelve years like those of his codefendants. Specifically, Appellant contends that his sentence is unconstitutional

because it is disproportionate to those received by his codefendants for the same underlying offense.

When we review a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We will not disturb a trial court's decision as to punishment absent a showing of abuse of discretion and harm. *Id.* The statutory range of punishment for a first-degree felony is confinement for life or for a term of not more than ninety-nine years or less than five years. TEX. PENAL CODE ANN. § 12.32(a) (West 2011). The trial court may also assess a fine of up to $10,000. *Id.* § 12.32(b).

Appellant has not pointed to any Texas authority that supports his argument that his sentence is fundamentally unfair under the Fifth and Fourteenth Amendments and in violation of the Equal Protection and Due Process clauses. Likewise, we find no authority in Texas supporting Appellant's position. It is well settled in Texas that, when a sentence falls within the statutory range of punishment, it is generally not unconstitutional. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016).

However, a very narrow exception to the general rule exists—an individual's sentence may be unconstitutional, despite falling within the statutory range, if it is grossly disproportionate to the offense. *Solem v. Helm*, 463 U.S. 277, 287–90 (1983). Nonetheless, "[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem*, 463 U.S. at 289–90 (alterations in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

"To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity

of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Simpson*, 488 S.W.3d at 323 (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). "In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* (citing *Graham*, 560 U.S. at 60). "If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.*

In this case, Appellant committed the first-degree felony offense of aggravated robbery. Furthermore, a deadly weapon, a firearm, was used during the robbery. As stated previously, the punishment for a first-degree felony is imprisonment for a term of five to ninety-nine years or life. PENAL § 12.33(a). Appellant's sentence of forty years falls within the range of punishment established by the legislature. The severity of the sentence is moderate, as a sentence of forty years falls within the lower half of the possible range of up to ninety-nine years or life. Further, Appellant's culpability for the offense was high—Appellant directly participated in the robbery. Additionally, because the victim was held at gunpoint throughout the robbery, the victim was threatened with serious harm. Lastly, although Appellant did not have any previous criminal convictions, he had previously been placed on deferred adjudication for possession of marihuana and resisting arrest and had violated numerous terms and conditions of his community supervision.

In view of these facts, we cannot say that Appellant's sentence is grossly disproportionate to his offense. *See, e.g.*, *Tracy v. State*, No. 14-94-00732-CR, 1998

WL 223390, at *9 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (not designated for publication) (defendant's sixty-year sentence did not violate fundamental fairness despite the disparity between it and codefendants' eighteen-year sentences). Even if a sentence could be considered harsh, it is not unconstitutional. *See, e.g.*, *Randall v. State*, 529 S.W.3d 566, 569 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

Because we conclude that there is no inference of disproportionality, we need not compare Appellant's sentence to those imposed on his codefendants or other offenders. *Simpson*, 488 S.W.3d at 323; *Randall*, 529 S.W.3d at 569. However, even if we were to compare sentences, we do not believe Appellant's sentence to be fundamentally unfair as Appellant's codefendants received their sentences pursuant to plea bargains. It is well established that defendants have "no constitutional right to plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *see Thompson v. State*, 691 S.W.2d 627, 635 (Tex. Crim. App. 1984). Instead, whether a prosecutor chooses to make an offer is "generally within the discretion of the prosecutors." *Robinson v. State*, 656 S.W.2d 111, 114 (Tex. App.—San Antonio 1983, pet. ref'd). If the prosecutor makes no offer at all, the defendant is without legal recourse. *Id.* Here, while Appellant's codefendants received their sentences pursuant to plea bargains, the trial court adjudicated Appellant's guilt and sentence. That Appellant did not receive a plea bargain similar to his codefendants is of no consequence. In fact, unlike his codefendants, Appellant had the opportunity to avoid incarceration altogether through community supervision, but he chose not to take advantage of the opportunity granted to him by the trial court.

Appellant's sentence is not fundamentally unfair. The trial court did not abuse its discretion when it sentenced Appellant to forty years and fined him $2,000 and when it denied Appellant's motion for new trial. We overrule Appellant's sole issue.

We affirm the judgment of the trial court.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE

January 10, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[1];
and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.