**Opinion filed April 4, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00102-CR
_____

## EDGAR HERNANDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-16-0859-CR**

---

## MEMORANDUM OPINION

Appellant, Edgar Hernandez, appeals from his conviction for the first-degree felony offense of continuous sexual abuse of a young child. Following the jury's verdict of "guilty," the trial court assessed Appellant's punishment at confinement for a term of seventy-five years in the Institutional Division of the Texas Department of Criminal Justice and sentenced him accordingly. In two issues on appeal, Appellant contends that (1) the evidence at trial was insufficient to support his

conviction and (2) his sentence of confinement for seventy-five years amounts to cruel and unusual punishment. We affirm.

*Background Facts*

The grand jury indicted Appellant for the offense of continuous sexual abuse of a young child. The indictment alleged that Appellant:

> Did then and there, during a period that was 30 or more days in duration, to-wit: from on or about December 14th, 2008 through April 18th, 2011, when [Appellant] was 17 years of age or older, commit two or more acts of sexual abuse against a child younger than 14 years of age namely, Aggravated Sexual Assault of a Child by intentionally or knowingly caus[ing] the penetration of the anus of [I.H.], a child, by the means of the sexual organ of [Appellant].

I.H., the alleged child victim, testified at trial. I.H. explained that, in 2007, he was living in Ector County in a mobile home with his mother, brothers, and a family friend and her son. Appellant lived on the same property in another mobile home with Appellant's mother and her husband. I.H. regularly visited the mobile home that Appellant lived in to play video games with Appellant in Appellant's bedroom.

On one such occasion, while I.H. was lying on Appellant's bed on his stomach playing video games, Appellant came up from behind I.H., straddled him, and sat on his legs. Although I.H. thought Appellant was "just trying to hop over" him, Appellant instead ran both his hands up I.H.'s legs and "started touching [I.H.'s] butt." I.H. testified that Appellant would grab, and then let go of, his butt. I.H. testified that he could feel Appellant's erection. When I.H. asked Appellant, "What are you doing?" Appellant responded, "Just go with it." I.H. claimed that Appellant sat on top of him for a "minute or so" and then got off. I.H. also testified that Appellant told him to "[j]ust keep this to ourselves" and not to tell anyone.

Regarding "the next time this happened," I.H. explained that "the second time . . . was pretty much the same as the first time," except the "second time is when [Appellant] actually started pulling [I.H.'s] pants down." I.H. explained that, once

2

again, I.H. was lying on the bed when Appellant braced the door shut, sat on I.H.'s legs, and started feeling I.H. with his hands. Appellant then pulled I.H.'s pants down and told I.H. to "keep playing and stay still." As before, I.H. could feel that Appellant had an erection. I.H. testified that Appellant pulled his own pants down and placed lubricant on the tip of his penis. I.H. then felt Appellant's penis enter his "butt." I.H. testified that Appellant had him bite down on a sock to "suppress the sound" because I.H. was making a lot of noise due to the pain. I.H. testified that, at the time, he was "[g]oing into the first grade" and was six or seven years old.

When next asked, "Did it happen again?" I.H. stated that "it happened again" a "week or so" later and that it was "pretty much the same scenario." Although I.H. could not remember the total number of times "it" happened, I.H. testified that "it" happened during the time he was in the second, third, fourth, and fifth grades. I.H. testified that the abuse stopped "when [I.H.] was around eleven or so." Additionally, the evidence established that Appellant was eight years older than I.H.

Multiple clips of a recorded interview between Appellant and a former Ector County Sheriff's Department investigator, Oscar Lamon, were also played for the jury. In the interview, Appellant admitted to penetrating I.H.'s anus with Appellant's penis and to having I.H. bite down on a sock or towel to tolerate the pain. Initially, Appellant claimed that he only had sex with I.H. two or three times when Appellant was thirteen or fourteen years old. However, in response to Lamon's questions, Appellant also acknowledged that the assaults may have occurred over a four- or five-year period.

Appellant also testified at trial. Appellant denied that he ever touched I.H.'s butt, had sex with, or otherwise sexually assaulted I.H. To explain his admissions heard in the recorded interview, Appellant testified that, shortly after Appellant was released from prison for a probation violation, Lamon contacted him and informed him of the accusations against him. Appellant claimed that Lamon pressured him

3

into admitting to the accusations by repeatedly asking Appellant the same questions "over and over." Appellant claimed that Lamon also threatened to use Appellant's criminal history and gang affiliation against him to take his kids away and send him to prison for life without parole if Appellant "didn't go with this." Appellant claimed that Lamon told him that he would "leave [Appellant's] kids out of this and that he would highly recommend probation" if Appellant admitted to the charges. Appellant testified that he felt like he had "no choice but to . . . give in."

After hearing all the evidence, the jury found Appellant guilty of the offense of continuous sexual abuse of a young child.

During the punishment phase of the trial, I.H. described the pain he felt during the assaults, as well as the anger, worry, and other aftereffects he has suffered since. Detective Jeffrey Gibson of the El Paso County Sheriff's Department testified that he believed Appellant was a member of the Barrio Azteca criminal gang and described the gang's violent nature and history. Detective Gibson explained that, according to the gang's own rules, "once you're in, you can't get out." A video clip of Appellant admitting to being a member of Barrio Azteca was also played for the jury.

After considering the evidence, the trial judge assessed Appellant's punishment at confinement for seventy-five years and sentenced him accordingly. This appeal followed.

*Analysis*

In two issues on appeal, Appellant contends that (1) the evidence presented at trial was insufficient to support his conviction and (2) his sentence of confinement for seventy-five years is cruel and unusual punishment.

*Issue One - Legal Sufficiency*

In his first issue, Appellant challenges the sufficiency of the evidence supporting his conviction. Specifically, Appellant contends that the State failed to

4

prove that Appellant was at least seventeen years of age at the time of the sexual assaults because the only direct testimony regarding penetration involved an event that occurred when Appellant was fifteen years old. Appellant also contends that the State failed to prove that Appellant committed two or more acts of sexual assault because the State's use of the word "it" when questioning I.H. about subsequent assaults was too vague to distinguish between the first incident—where Appellant only grabbed I.H.'s butt—and the second incident—where Appellant penetrated I.H.'s anus. We disagree.

We review a challenge to the sufficiency of the evidence, regardless of whether it is denominated as a legal or factual sufficiency challenge, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor

of the verdict, and we defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

As relevant to this case, a person commits the offense of continuous sexual abuse of a young child if, during a period that is thirty or more days in duration, the person commits two or more acts of sexual abuse and, at the time of the commission of each of the acts of sexual abuse, the actor is seventeen years of age or older and the victim is a child younger than fourteen years of age. TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2018). An "act of sexual abuse" includes, among other things, acts of aggravated sexual assault of a child. *Id.* § 21.02(c)(4). As relevant to this case, a person commits an act of aggravated sexual assault of a child if he intentionally or knowingly causes the penetration of the anus or sexual organ of a child by any means. *Id.* § 22.021(a)(1)(B)(i). The testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a young child. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2018).

First, Appellant argues that the State failed to prove that Appellant was seventeen years of age or older when he committed the alleged acts of sexual abuse because the only direct testimony regarding penetration occurred when Appellant was fifteen years old. We disagree.

In *Villarreal*, an appellant challenged the evidence supporting his conviction for aggravated sexual assault of a child by arguing that the evidence failed to establish he was seventeen years of age or older when he committed the alleged sexual assault. *Villarreal v. State*, 470 S.W.3d 168, 170 (Tex. App.—Austin 2015, no pet.). At trial, the child victim, the defendant's cousin C.A., testified that she moved into a home with her family when she was six or seven years old and later moved into a second home with her family when she was ten or eleven years old. *Id.* at 169–71. The defendant lived with C.A.'s family at both homes until he moved out of the second home shortly after his eighteenth birthday. *Id.* at 171. C.A.

6

testified that she was sexually assaulted a number of times by the defendant at both the first and the second homes. *Id.* Although C.A. could not recall the total number of times she was assaulted, C.A. testified that the assaults occurred approximately once a month and continued until the defendant moved out of the second home when C.A. was "[p]robably about 11" years old. *Id.* The evidence at trial established that the defendant was six years older than C.A. *Id.* at 170, 172.

The defendant argued that, because C.A.'s "testimony focused on acts that occurred when [the defendant] was a juvenile," the evidence was insufficient to establish that he had committed an act of sexual assault after he turned seventeen years old. *Id.* at 172. However, although the majority of C.A.'s testimony recounted assaults that occurred while the defendant was under the age of seventeen, given C.A.'s testimony that the assaults occurred for a number of years up until she was eleven years old, and because the evidence established that the defendant was six years older than C.A., the court found that the jury could have reasonably inferred that the defendant had committed the assault alleged in the indictment after he had turned seventeen years old. *Id.* at 171–72. Therefore, the evidence was not insufficient to support the defendant's conviction. *Id.* at 172.

Here, I.H. testified that, sometime close to when he was about to enter the first grade, he was playing video games in Appellant's bedroom when Appellant braced the bedroom door shut and then penetrated I.H.'s anus with his penis. I.H. testified that he was six or seven years old during first grade. Given that Appellant is eight years older than I.H., Appellant was fourteen or fifteen at the time of the first assault. However, like C.A.'s testimony in *Villarreal*, I.H.'s testimony established a pattern of assaults over multiple years. *Id.* at 169–72. I.H. testified that the assaults occurred throughout the time that he was in the first, second, third, fourth, and fifth grades and stopped when he was "eleven or so." Appellant turned seventeen during the year that I.H. was in the third grade. Therefore, although much of I.H.'s testimony

7

focused on assaults that occurred while Appellant was under the age of seventeen, the jury could have reasonably inferred that Appellant continued to sexually assault I.H. for a number of years, including, at a minimum, one time each during the years I.H. was in the fourth and fifth grade—a time by which Appellant had already reached the age of seventeen. *See id.* at 171–72.

Second, Appellant asserts that, because there was only direct testimony as to one event of penetration, the State's use of the word "it" when asking I.H. about subsequent assaults was too vague to establish whether I.H. was referring to subsequent events of penetration or, instead, was referring to subsequent events where Appellant had only grabbed I.H.'s butt. Specifically, Appellant points to the following testimony by I.H., which was given shortly after I.H. described the event involving penetration:

Q. Okay. Now, did this happen again?
A. I'm sorry?
Q. Did it happen again?
A. Oh. Yes, sir.
Q. About how long was it before it happened again?
A. I'd say about a week or so before it happened again.
Q. Was it pretty much the same scenario?
A. Yes, sir.

Appellant argues that "this unclear testimony cannot support a guilty verdict on the offense alleged in the indictment because it is not clear that the jury based its verdict on 'it' meaning aggravated sexual assault." Instead, Appellant argues that "'it' happening again could easily be construed by the jury to be that Appellant had again touched the butt of the alleged victim." However, in reaching their verdict, while the jury *could* have construed "it" to refer to Appellant again touching I.H.'s butt, the jury instead chose to construe the testimony as referring to subsequent sexual

8

assaults involving penetration. Given that this testimony occurred after I.H. had described the specific incident involving penetration, we cannot say that the jury's inference in concluding that two or more additional acts of sexual abuse occurred was unreasonable.

Additionally, while I.H.'s testimony alone would be sufficient to support a conviction, Appellant admitted in the recorded interview that he had sexual intercourse with I.H. on multiple occasions and that, on those occasions, his penis penetrated I.H.'s anus. Thus, Appellant's admission corroborated I.H.'s testimony. Although, at trial, Appellant denied that he had ever sexually assaulted I.H., we presume that the jury resolved any conflicts in the testimony in favor of the verdict. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

Thus, when viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the elements of the offense of continuous sexual assault of a young child beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *see also* PENAL § 21.02(b). We overrule Appellant's first issue.

*Issue Two – Cruel and Unusual Punishment*

In his second issue, Appellant argues that his sentence of confinement for seventy-five years is cruel and unusual punishment in violation of the Eighth Amendment. *See* U.S. CONST. amend. VIII. Appellant contends that his sentence is "clearly disproportionate to the ambiguous evidence presented at trial."

We note that Appellant did not object to his sentence on any grounds, neither at the time of sentencing nor in any posttrial motion. To preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). Therefore, Appellant has failed to preserve error and has waived his complaint on appeal. *See id.*; *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (Eighth

9

Amendment issues are forfeited if not raised in the trial court); *Solis v. State*, 945 S.W.2d 300, 301–02 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim of a grossly disproportionate sentence in violation of the Eighth Amendment was forfeited by failure to object). Nonetheless, notwithstanding Appellant's waiver, we conclude that Appellant's sentence does not constitute cruel and unusual punishment.

When we review a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We will not disturb a trial court's decision as to punishment absent a showing of abuse of discretion and harm. *Id.* The statutory range of punishment for a person convicted of continuous sexual abuse of a young child is confinement for life or for a term of not more than ninety-nine years or less than twenty-five years. PENAL § 21.02(h).

The Eighth Amendment to the Constitution of the United States provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 675 (1962). However, it is well settled in Texas that, when a sentence falls within the statutory range of punishment, it is generally not unconstitutional. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). However, a very narrow exception to the general rule exists—an individual's sentence may be unconstitutional, despite falling within the statutory range, if it is grossly disproportionate to the offense. *Solem* v *Helm*, 463 U.S. 277, 287–90 (1983). Nonetheless, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." *Id.* at 289–90 (alterations in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

"To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *Simpson*, 488 S.W.3d at 323 (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). "In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* (citing *Graham*, 560 U.S. at 60). "If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.*

In this case, Appellant committed the first-degree felony offense of continuous sexual abuse of a young child. *See* PENAL § 21.02(b). As stated previously, the punishment range for this offense is imprisonment for a term of twenty-five to ninety-nine years or life. PENAL § 21.02(h). Appellant's sentence of seventy-five years falls within this range of punishment established by the legislature. *Id.* Although Appellant's sentence of seventy-five years is severe, given the harm caused to the victim, Appellant's culpability for the crime, and Appellant's prior adjudicated and unadjudicated criminal history, we cannot say that Appellant's sentence is grossly disproportionate to the offense. *See Simpson*, 488 S.W.3d at 323. Indeed, I.H. suffered serious harm as a result of the offense—I.H. described both the physical pain he suffered during the sexual assaults and the anger, worry, and other aftereffects he has suffered since. *See id.* Furthermore, Appellant acted alone in committing the sexual assaults; he alone is culpable for I.H.'s injuries. *See id.* Lastly, Appellant had a previous criminal conviction for misprision of a felony and admitted to being a member of a known, violent criminal gang. *See id.*

In view of these facts, Appellant's sentence is not grossly disproportionate to his conviction of the offense of continuous sexual abuse of a young child. *See id.; see also Solem*, 463 U.S. at 287–90. Even if Appellant's sentence could be considered harsh, it is not unconstitutional. *See, e.g.*, *Randall v. State*, 529 S.W.3d 566, 569 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Because we conclude that there is no inference of disproportionality, we need not compare Appellant's sentence to those imposed on other offenders. *See Simpson*, 488 S.W.3d at 323; *Randall*, 529 S.W.3d at 569. The trial court did not abuse its discretion when it sentenced Appellant to confinement for seventy-five years. We overrule Appellant's second issue.

## *Conclusion*

We affirm the judgment of the trial court.


KEITH STRETCHER

JUSTICE


April 4, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.