**Opinion filed July 22, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00225-CR

_____

## JAMES CRAIG COOPER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-18-2074-CR**

## M E M O R A N D U M   O P I N I O N

Appellant, James Craig Cooper, was charged with the state jail felony offense of intentionally and knowingly possessing a controlled substance, namely cocaine, in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017). Appellant waived his right to a trial by jury and pleaded guilty to the charged offense. The trial court found Appellant guilty as charged, held a punishment hearing, and assessed Appellant's punishment at eighteen months' confinement in a state jail facility.

Appellant asserts two issues on appeal. First, he asserts that the trial court abused its discretion by failing to hold an evidentiary hearing on Appellant's motion for new trial. Second, he asserts that the trial court's sentence was grossly disproportionate to the crime committed, thereby constituting cruel and unusual punishment. We affirm.

*Background Facts*

Odessa Police Officer Alejandro Munoz testified that he observed Appellant make a transaction in a known drug area. Officer Munoz then followed and initiated a traffic stop after observing Appellant fail to stop at the proper place at a stop sign. Appellant consented to a search, during which Officer Munoz found two white "rocks" in Appellant's vehicle; the "rocks" field-tested positive for cocaine. Appellant was then placed under arrest. The "rocks" were later confirmed to be cocaine by a forensic drug chemist at the Texas Department of Public Safety Midland Crime Lab.

Appellant testified in his own defense that, in the years since his release from the Texas Department of Criminal Justice, he had become the manager of a body shop in Odessa. Appellant stated that he had previously failed on deferred adjudication community supervision because of a "bad attitude" but that his attitude changed after he was adjudicated guilty and sent to prison. Appellant testified that, in the year since his arrest for this offense, he had reflected on his conduct and reached the conclusion that he had become complacent and let his guard down. Numerous individuals testified on Appellant's behalf and described how Appellant had changed; each of these witnesses believed that Appellant would be a good candidate for community supervision. Appellant was then sentenced to eighteen months' confinement.

2

Appellant filed a motion for new trial in which he claimed that the judgment against him was contrary to the law and the evidence and that a new trial should be granted in the interest of justice. Appellant further argued that the sentence imposed against him was grossly disproportionate to the charged crime.

A hearing on the motion for new trial was scheduled for July 31, 2019. Appellant applied for, and the trial court issued, a bench warrant to obtain Appellant's presence for the July 31 hearing. However, the record contains nothing to indicate that the trial court held any hearing on July 31 or any other date with respect to the motion for new trial. Appellant states in his brief that, when defense counsel appeared for the hearing, the trial court was not prepared to hold the hearing because the county sheriff had not returned Appellant to be present. According to Appellant, the trial court agreed to reset the hearing, but the hearing was never held. Accordingly, the motion for new trial was overruled by operation of law.

Since there is an overlap in the two issues asserted by Appellant, addressing Appellant's second issue at the outset will be helpful later in the legal analysis of Appellant's first issue.

*Issue Two*

Appellant argues, as he did in his motion for new trial, that his sentence is grossly disproportionate to the offense charged and, thus, constitutes cruel and unusual punishment. In support of his argument, Appellant contends that he was convicted only of "simple possession of less than a gram of cocaine." Appellant asserts that his sentence of eighteen months was disproportionate because no harm was caused or threatened to society by his possession of narcotics; rather, the only person threatened or harmed by Appellant's conduct was Appellant himself.

*Standard of Review*

In reviewing a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We will not disturb a trial court's decision as to punishment "absent a showing of abuse of discretion and harm." *Id.* (citing *Hogan v. State*, 529 S.W.2d 515 (Tex. Crim. App. 1975)). Using this legal standard and in light of the Eighth Amendment, we conclude that Appellant's sentence did not constitute cruel and unusual punishment.

*Analysis*

The Eighth Amendment prohibits sentences that are "grossly disproportionate" to the offense for which the defendant has been convicted. *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd) (citing *Harmelin v. Michigan*, 501 U.S. 957 (1991)). However, "[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289–90 (1983) (alterations in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)). When a sentence falls within the range of punishment provided by the legislature, it is generally not grossly disproportionate to the offense committed. *See, e.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). The statutory range of punishment for a state jail felony is confinement "in a state jail for any term of not more than two years or less than 180 days." TEX. PENAL CODE ANN. § 12.35(a) (West 2019). Appellant does not argue that his sentence is beyond the range the legislature has provided.

Even if a sentence falls within the statutory punishment range, the sentence may violate the Eighth Amendment if it is grossly disproportionate to either the offense itself or sentences in other similar circumstances. *See Bradfield*, 42 S.W.3d

at 353–54. "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003).

"To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses." *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016) (citing *Graham v. Florida*, 560 U.S. 48, 60 (2010)). Only if the sentence is grossly disproportionate to the offense do we then compare Appellant's sentence with the sentences received for similar crimes in this jurisdiction or sentences received in other jurisdictions. *Bradfield*, 42 S.W.3d at 353–54. "If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Simpson*, 488 S.W.3d at 323 (citing *Graham*, 560 U.S. at 60).

While Appellant contends, and the State concedes, that Appellant's actions did not cause any harm or threat of injury to anyone other than himself, the record clearly reflects Appellant's culpability for illegally obtaining and possessing cocaine in a knowing violation of state law. Appellant concedes, and we agree, that his culpability in this matter is "unquestioned" based on his plea of guilty. Furthermore, Appellant does not dispute Officer Munoz's testimonial rendition of the facts pertaining to Appellant's arrest.

Appellant testified at the punishment hearing and attributed his visit to the known drug area for the purpose of purchasing narcotics to his own "stupidity." Appellant testified that he had grown complacent and overconfident in his sobriety over the last ten years, ultimately resulting in the drug purchase that Officer Munoz witnessed. Appellant accepted responsibility for his actions by pleading guilty to

5

the charged offense. Appellant's criminal responsibility was unambiguously established in this matter.

Regarding his criminal history, the record reflects that Appellant was previously placed on ten years' deferred adjudication community supervision for Indecency with a child by exposure. During the course of Appellant's community supervision, the State filed three motions to adjudicate. The trial court was lenient on the first two motions, but adjudicated Appellant guilty and imposed a sentence of confinement for six years on the third motion, which included allegations of the use of cocaine. Notably, cocaine is the same narcotic underlying the conviction in this case.

The trial court had the authority to consider Appellant's prior criminal record in assessing his sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2020). Appellant's criminal history, including a sex crime involving a child and three motions to adjudicate his troublesome community supervision, show a distinctive pattern of disobeying the rule of law and societal norms as well as a lack of regard for the terms of deferred adjudication. Appellant's assertion regarding his developing sobriety and newfound reputation of living as a law-abiding citizen is undermined by his choice to again purchase cocaine as charged in this case.

Given the nature of the offense and Appellant's prior history of cocaine use, Appellant's acknowledged culpability, the severity of Appellant's prior felony conviction, and the previous repeated disregard for the terms of community supervision and rehabilitation, Appellant has not shown that his eighteen-month sentence, which is within the statutory range of punishment for this crime, was grossly disproportionate to the crime. Balancing the aforementioned factors, we conclude that there is no inference of disproportionality; therefore, we need not compare Appellant's sentence to those imposed on other offenders. *Simpson*, 488

S.W.3d at 323; *Randall v. State*, 529 S.W.3d 566, 569 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Appellant's sentence is not fundamentally unfair, and the trial court did not abuse its discretion in imposing this sentence. We overrule Appellant's second issue and now address his first stated issue.

*Issue One*

Appellant's first asserted issue is that the trial court improperly denied him the opportunity to develop his argument regarding a disproportionate sentence at a hearing on the motion for new trial. Appellant argues that the hearing was necessary to develop the issues raised in his motion: namely, that Appellant's sentence was disproportionate to sentences ordinarily handed out for similar state offenses in Ector County. We disagree.

*Standard of Review*

A defendant's right to a hearing on a motion for new trial is not absolute. *Rozell v. State*, 176, S.W.3d 228, 230 (Tex. Crim. App. 2005). As a general rule, a trial court should hold a hearing if the motion and attached affidavits raise matters that are not determinable from the record and could entitle the accused to relief. *Id.* "When examining a trial court's denial of a hearing on a motion for new trial, we review for an abuse of discretion." *Smith v. State*, 286 S.W.3d 333, 339–40 (Tex. Crim. App. 2009). In so doing, we reverse only when the trial court's decision was so clearly wrong as to lie outside the zone of reasonable disagreement. *Id.*

*Analysis*

As a prerequisite to obtaining a hearing on a motion for new trial, a defendant must support his motion with an affidavit showing the truth of the grounds for attack. *Martinez v. State*, 74 S.W.3d 19, 21 (Tex. Crim. App. 2002). The affidavit need not reflect each and every component legally required to establish relief but, rather, must reflect that reasonable grounds exist for holding that such relief could be granted.

7

*Id.* at 21–22. A trial court abuses its discretion when it fails to grant a hearing if the motion and accompanying affidavits raise matters not determinable from the record and establish reasonable grounds that demonstrate the defendant could potentially be entitled to relief. *Hobbs v. State*, 298 S.W.3d 193, 199 (Tex. Crim. App. 2009).

While the Texas Rules of Appellate Procedure do not require a motion for new trial to be supported by an affidavit, a judicial requirement is found in cases where the motion is grounded on matters that are not already part of the record. *Bahm v. State*, 219 S.W.3d 391, 395 (Tex. Crim. App. 2007) (citing *Bearden v. State*, 648 S.W.2d 688, 690 (Tex. Crim. App. 1983)); *see Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993) (noting that an unrestricted requirement of a hearing on matters not determinable from the record could lead to "fishing expeditions").

We note that Appellant moved for a new trial but did not attach any affidavits specifically setting out the factual basis for his claims. Appellant's motion for new trial by itself, with no accompanying affidavits, did not put the trial court on notice *that reasonable grounds existed* to believe that the sentence was disproportionate. *Bahm*, 219 S.W.3d 393. However, as expressed above in response to Appellant's second issue, we are of the opinion that the record adequately reflects that Appellant's sentence does not constitute cruel and unusual punishment; therefore, the trial court did not abuse its discretion by failing to hold a hearing on Appellant's motion for new trial.

The purpose of a hearing on a motion for new trial is to give the defendant an opportunity to fully develop the matters raised in his motion. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); *Martinez*, 74 S.W.3d at 21. Appellant asserts that a hearing on his motion for new trial was necessary to develop the issues raised within the motion, namely, that Appellant's sentence was grossly disproportionate to sentences ordinarily given for similar state jail offenses in Ector

8

County. In his brief, Appellant states that he planned to introduce evidence at the hearing showing that, for the period between January and July of 2019, the average sentence length in the 70th District Court for state jail felony drug possession charges was between ten and twelve months. Without demonstrating that a snapshot of six months is statistically valid as a representative sample or that the circumstances of those other state jail felonies were consistent with and comparable to those of Appellant as discussed in conjunction with his second issue above, Appellant globally contends that the development of this limited information at the hearing on the motion for new trial was necessary for him to pursue a claim of grossly disproportionate punishment under *Solem*. *See* 463 U.S. at 277.

However, as determined above, Appellant has not first made the required threshold showing of an inference of gross disproportionality. We only compare Appellant's sentence with the sentences received for similar crimes in this jurisdiction or sentences received in other jurisdictions if the sentence is grossly disproportionate to the offense. *Bradfield*, 42 S.W.3d at 353–54. Having failed to meet this initial burden, any evidence regarding the average punishment term for similar crimes in Ector County is unnecessary to our adjudication of this appeal. Therefore, we believe that the issue of whether Appellant was entitled to relief based upon grossly disproportionate punishment is determinable from the record before us, and Appellant has not otherwise established the existence of reasonable grounds entitling him to relief. *See Smith*, 286 S.W.3d at 339 (requiring that motion based on matters not in the record be supported by affidavit specifically setting out the factual basis for the claim).

The trial court did not abuse its discretion when it did not hold a hearing on the motion for new trial and permitted Appellant's motion to be overruled by

9

operation of law.  *See Mallet v. State*, 9 S.W.3d 856 (Tex. App.—Fort Worth 2000, no pet.).  We overrule Appellant's first asserted issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


July 22, 2021

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Williams, J., and Wright, S.C.J.[1]

Trotter, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.